UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) OSAYOMWANBOR KENNEDY OMORUYI,<br><br>a/k/a "Michael Black,"<br>a/k/a "John Frank,"<br>a/k/a "Augustine Platt," and<br>a/k/a "Kelvin Yonel," and<br><br>(2) AMOWIE KELVIN IMATITIKUA,<br><br>a/k/a "Cobby Apiah,"<br>a/k/a "Samuel Kwamen,"<br>a/k/a "Cobby Andy,"<br>a/k/a "Clement Ruben,"<br>a/k/a "Jackson Juliam," and<br>a/k/a "Larry Cromwell,"<br><br>Defendants | Criminal No.  23cr10321<br><br>Violations:<br><br>Count One: Bank Fraud, Aiding and Abetting<br>(18 U.S.C. §§ 1344 and 2)<br><br>Count Two: Bank Fraud Conspiracy<br>(18 U.S.C. § 1349)<br><br>Count Three: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Count Four: False Statements<br>(18 U.S.C. § 1001)<br><br>Bank Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.     Defendant AMOWIE KELVIN IMATITIKUA ("IMATITIKUA"), also known as "Cobby Apiah," "Samuel Kwamen," "Cobby Andy," "Clement Ruben," "Jackson Juliam," and "Larry Cromwell," lived in Massachusetts and New Jersey.

2.      Defendant OSAYOMWANBOR KENNEDY OMORUYI ("OMORUYI"), also known as "Michael Black," "John Frank," "Augustine Platt," and "Kelvin Yonel," lived in Massachusetts.

3.      Co-Conspirator 1 ("CC-1") lived in Nigeria.

4.      The victims were government agencies, including the U.S. Small Business Administration ("SBA") and state unemployment programs, individuals whose identities were used fraudulently to obtain government benefits, and individuals who were fraudulently induced to send funds to IMATITIKUA, OMORUYI, and others known and unknown to the Grand Jury.

5.      The affected banks were financial institutions within the meaning of 18 U.S.C. § 20, including JP Morgan Chase, N.A., Santander Bank, N.A., TD Bank, N.A., Wells Fargo Bank, N.A., Citizens Bank, N.A., and Digital Federal Credit Union, among others.

<u>Overview of the Conspiracies and Scheme to Defraud</u>

6.      From at least in or about 2019 to at least in or about 2021, IMATITIKUA, OMORUYI, and others known and unknown to the Grand Jury received the proceeds of government benefits fraud and romance scams, among other frauds.   To receive the fraud proceeds, IMATITIKUA, OMORUYI, and others used fake identities, bank accounts opened in the names of those fake identities, and accounts opened in their own names.

<u>Object and Purpose of the Conspiracies and Scheme to Defraud</u>

7.      The object of the conspiracies and the scheme to defraud was to commit bank fraud and to launder the proceeds of financial frauds.   The purpose of the conspiracies and the scheme to defraud was to make money and to avoid detection by financial institutions and law enforcement.

2

<u>Manner and Means of the Conspiracies and Scheme to Defraud</u>

8.  Among the manner and means by which IMATITIKUA, OMORUYI, and others known and unknown to the Grand Jury carried out the conspiracies and the scheme to defraud were the following:

a.  Obtaining fake identification documents, such as passports and driver's licenses, that contained their photographs and the names of their aliases;

b.  Opening bank accounts in their own names and, using the fake identification documents, their aliases' names;

c.  Providing account and mailing address information to co-conspirators in the United States and Nigeria;

d.  Negotiating the right to keep a percentage of the fraud proceeds;

e.  Receiving the fraud proceeds that others induced victims to send through electronic transfers and through the mail; and

f.  Withdrawing the fraud proceeds in cash or transferring the fraud proceeds to other financial accounts.

<u>Acts in Furtherance of the Conspiracies and Scheme to Defraud</u>

9.  From at least in or about 2019 to at least in or about 2021, in the District of Massachusetts and elsewhere, IMATITIKUA, OMORUYI, and others known and unknown to the Grand Jury took the following acts, among others, in furtherance of the conspiracies and the scheme to defraud.

*The Cobby Apiah Alias*

10.  In or before 2020, IMATITIKUA obtained a fake Republic of Ghana passport in

3

the name of "Cobby Apiah" that contained IMATITIKUA's picture ("the Fake Apiah Passport").

11.    Between in or about February 2020 and in or about April 2020, IMATITIKUA used the Fake Apiah Passport to open bank accounts, including at Citizens Bank and JP Morgan Chase.

12.    On or about June 22, 2020, IMATITIKUA sent OMORUYI a WhatsApp message containing account information for the Cobby Apiah account at JP Morgan Chase.

13.    On or about the same day, OMORUYI sent the same account information to CC-1.

14.    On various dates on or after June 22, 2020, IMATITIKUA and OMORUYI used the Cobby Apiah account at JP Morgan Chase to receive fraud proceeds.

15.    For example, on or about August 4, 2020, a co-conspirator caused the SBA to send $46,000 from a fraudulent SBA loan to the Cobby Apiah account at JP Morgan Chase.

16.    On or about August 4, 2020, IMATITIKUA transferred approximately $14,500 in proceeds from the fraudulent SBA loan from the Cobby Apiah account at JP Morgan Chase to OMORUYI's personal bank account at Santander Bank.

*The Kelvin Yonel Alias*

17.    In or before 2020, OMORUYI obtained a fake Nigerian passport in the name of "Kelvin Yonel" that contained OMORUYI's picture.

18.    On various dates in 2020 and 2021, OMORUYI sent WhatsApp messages to IMATITIKUA, CC-1, and others known and unknown to the Grand Jury that contained the names of OMORUYI's aliases, including "Kelvin Yonel," and mailing address information so that OMORUYI and IMATITIKUA could receive the proceeds of fraud.

19.    For example, on or about July 17, 2020, OMORUYI sent IMATITIKUA WhatsApp messages containing the name of his alias "Kelvin Yonel."

4

20.     On or about September 29, 2020, OMORUYI also sent CC-1 WhatsApp messages containing the alias "Kelvin Yonel," OMORUYI's home mailing address in Canton, Massachusetts, and the statement that OMORUYI's "rate" was "25%."

<u>False Statements to U.S. Citizenship & Immigration Services ("USCIS")</u>

21.     On or about June 15, 2023, a USCIS officer interviewed OMORUYI in Boston, Massachusetts in connection with OMORUYI's application for status as a lawful permanent resident in the United States, which was a matter within the jurisdiction of the executive branch of the Government of the United States.

22.     The officer advised OMORUYI that statements he made "may be used against you in court" and placed him under oath.

23.     OMORUYI identified himself by his true name, Osayomwanbor Kennedy Omoruyi.

24.     During the interview, OMORUYI made materially false statements, including by answering "no" to the questions "have you used any other names since birth?" and "have you ever had any documents that had any other names on them besides the name you just told me?"

<u>COUNT ONE</u>
Bank Fraud, Aiding and Abetting
(18 U.S.C. §§ 1344 and 2)

The Grand Jury charges:

25.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 24 of this Indictment.

26.     On or about August 4, 2020, in the District of Massachusetts and elsewhere, the defendants,

> (1)     OSAYOMWANBOR KENNEDY OMORUYI,
>
> > a/k/a "Michael Black,"
> > a/k/a "John Frank,"
> > a/k/a "August Platt,"
> > a/k/a "Kelvin Yonel," and
>
> (2)     AMOWIE KELVIN IMATITIKUA,
>
> > a/k/a "Cobby Apiah,"
> > a/k/a "Samuel Kwamen,"
> > a/k/a "Cobby Andy,"
> > a/k/a "Clement Ruben,"
> > a/k/a "Jackson Juliam,"
> > a/k/a "Larry Cromwell,"

did knowingly execute, and attempt to execute, a scheme and artifice to defraud a financial institution, that is, JP Morgan Chase, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of JP Morgan Chase, as described in paragraph 16 above, by means of materially false and fraudulent pretenses, representations, and promises.

All in violation of Title 18, United States Code, Sections 1344 and 2.

6

COUNT TWO
Bank Fraud Conspiracy
(18 U.S.C. § 1349)

The Grand Jury further charges:

27.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 24 of this Indictment.

28.     From at least in or about 2019 to at least in or about 2021, in the District of Massachusetts and elsewhere, the defendants,

(1)     OSAYOMWANBOR KENNEDY OMORUYI,

a/k/a "Michael Black,"
a/k/a "John Frank,"
a/k/a "August Platt,"
a/k/a "Kelvin Yonel," and

(2)     AMOWIE KELVIN IMATITIKUA,

a/k/a "Cobby Apiah,"
a/k/a "Samuel Kwamen,"
a/k/a"Cobby Andy,"
a/k/a "Clement Ruben,"
a/k/a "Jackson Juliam,"
a/k/a "Larry Cromwell,"

conspired with each other and with others known and unknown to the Grand Jury to commit bank fraud, that is, to knowingly execute, and attempt to execute, a scheme and artifice to defraud financial institutions, that is, the financial institutions listed in paragraph 5 above, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of the financial institutions listed in paragraph 5 above, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

7

All in violation of Title 18, United States Code, Section 1349.

COUNT THREE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

29.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 24 of this Indictment.

30.     From at least in or about 2019 to at least in or about 2021, in the District of Massachusetts and elsewhere, the defendants,

(1)     OSAYOMWANBOR KENNEDY OMORUYI,

a/k/a "Michael Black,"
a/k/a "John Frank,"
a/k/a "August Platt,"
a/k/a "Kelvin Yonel," and

(2)     AMOWIE KELVIN IMATITIKUA,

a/k/a "Cobby Apiah,"
a/k/a "Samuel Kwamen,"
a/k/a"Cobby Andy,"
a/k/a "Clement Ruben,"
a/k/a "Jackson Juliam,"
a/k/a "Larry Cromwell,"

conspired with each other and with others known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions, to wit, the withdrawal and transfer of funds, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds

9

of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

<u>COUNT FOUR</u>
False Statements
(18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

31.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 24 of this Indictment.

32.     On or about June 15, 2023, in the District of Massachusetts, the defendant,

OSAYOMWANBOR KENNEDY OMORUYI,

a/k/a "Michael Black,"
a/k/a "John Frank,"
a/k/a "August Platt,"
a/k/a "Kelvin Yonel,"

knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the statement "no" in response to the question "have you ever had any documents that had any other names on them besides the name you just told me?"

All in violation of Title 18, United States Code, Section 1001(a)(2).

BANK FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

33.     Upon conviction of the offenses of bank fraud and bank fraud conspiracy in violation of Title 18, United States Code, Sections 1344 and 1349, set forth in Counts One and Two of this Indictment, the defendants,

(1) OSAYOMWANBOR KENNEDY OMORUYI,

a/k/a "Michael Black,"
a/k/a "John Frank,"
a/k/a "August Platt,"
a/k/a "Kelvin Yonel," and

(2)     AMOWIE KELVIN IMATITIKUA,

a/k/a "Cobby Apiah,"
a/k/a "Samuel Kwamen,"
a/k/a"Cobby Andy,"
a/k/a "Clement Ruben,"
a/k/a "Jackson Juliam,"
a/k/a "Larry Cromwell,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

34.     If any of the property described in Paragraph 33, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

       e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 33 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

35.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1956, set forth in Count Three of this Indictment, the defendants,

(1) OSAYOMWANBOR KENNEDY OMORUYI,

a/k/a "Michael Black,"
a/k/a "John Frank,"
a/k/a "August Platt,"
a/k/a "Kelvin Yonel," and

(2)     AMOWIE KELVIN IMATITIKUA,

a/k/a "Cobby Apiah,"
a/k/a "Samuel Kwamen,"
a/k/a "Cobby Andy,"
a/k/a "Clement Ruben,"
a/k/a "Jackson Juliam,"
a/k/a "Larry Cromwell,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

36.     If any of the property described in Paragraph 35, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

14

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendants up to the value of the property described in Paragraph 35 above.

　　　　All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

FOREPERSON

CHRISTOPHER J. MARKHAM
BENJAMIN A. SALTZMAN
Assistant United States Attorneys

District of Massachusetts: December 12, 2023
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

2:15 pm

12/12/23

15